COLUMBIA AVENUE TRUST CO. v. MacAFEE CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1905.)

No. 1,416.

CHATTEL MORTGAGE—FORECLOSURE—INTERLOCUTORY DECREE—APPEAL.

Where, in a suit to foreclose a mortgage and trust deed on a railroad contractor's outfit, a railroad company intervened after the appointment of a receiver, and claimed a prior right to use such outfit under a contract with the mortgagor, a decree declining to determine the intervener's right in limine, but permitting intervener to use the outfit pending the litigation, on conditions prescribed, was interlocutory only, and unappealable.

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

W. I. Grubb, Walker Percy, and Boykin Wright, for appellant.
Jno. P. Tillman, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is a bill to foreclose a mortgage and trust deed on a railroad contractor's outfit, wherein a receiver was prayed for and duly appointed. After the appointment of the receiver the Birmingham Air Line Railway Company filed an intervening petition, setting out a contract between the MacAfee Company and itself for the construction of certain parts of its railway line, wherein the said contractor's outfit was to be duly used, and claiming that under said contract the railway company was entitled to the use of the outfit, mules, tools, and machinery until the contract should be completed, and praying to be made a party defendant to the bill of complaint, and have adjudicated its rights, etc. Thereafter, in the Circuit Court, the following decree was rendered:

"In the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

"Columbia Avenue Trust Company v. The MacAfee Company.

"In this cause, which is a bill by the mortgagee to foreclose a mortgage on certain machinery and plant, a receiver having been appointed by the court pending foreclosure, and having taken possession of the plant, which is of large value, and now lying unused on the line of the Atlanta & Birmingham Air Line Railway, and the case not being ripe for final decree, on account

of the intervention of the Atlanta & Birmingham Air Line Railway, which intervenes and sets up by petition that under its contract it had a prior right to hold and use said machinery, and to finish an uncompleted work which the mortgagor had undertaken for it, and that the mortgagee took with notice of the intervener's rights, and that the court's taking possession by the receiver, thereby preventing the intervener from asserting its rights, will work a great hardship upon it, all of which matters are litigated, thereupon said intervener asks an order to have the property turned over to it in accordance with its alleged rights under the contract; and the court, being of opinion that it ought not in limine to decide upon that question, or upon the rights of the parties with reference thereto, and without passing upon the rights of the parties, or deciding anything as to the equities of any of the parties in this respect, declines at this time to grant the prayer of said petition; reserving for further decree whatever may be ascertained to be equitable and right in the premises. Thereupon the intervener asks the court, in open court, upon its petition (no testimony being, under the circumstances, introduced), to allow it to run or use the plant, outfit, and machinery upon such terms as to the court may seem equitable and just; and it appearing to the court that it is to the interest of all parties and for the conservation of the property that said plant, outfit, and machinery in the hands of the receiver shall be used, and not be idle, and that it might work great hardship, if the rights claimed by the intervener turn out to be well founded, to deny it such use of the said plant, etc., and cannot work harm to the mortgagor or to the mortgagee to permit the use of said property by the intervener upon the terms and conditions hereinafter stated, it is therefore ordered, adjudged, and decreed, against the objection of the complainant and defendant in said bill, that the receiver appointed herein permit the use of said plant, equipments, and outfit and tools and other property claimed under complainant's mortgage, now in his possession, upon the following terms and conditions:

"(1) That the intervener and receiver shall each forthwith select some competent person, whose duty it shall be together to take an inventory of all the property, accompanying it with a statement of the condition of said property and its value, which shall be filed with the clerk of this court. If they cannot agree, the two persons so selected shall select a third person, each of whom shall report his opinion as to the condition and value of the property. In event of the failure of either of the parties to select an appraiser, or of the appraisers to agree among themselves upon a third person, either of them shall apply to the court, which will thereupon supply the appraiser or appraisers.

"(2) Upon the completion of said inventory and appraisement, the receiver is directed to permit the use of the plant, outfit, equipment, and tools, and to turn the same over to the Atlanta & Birmingham Air Line Railways, upon being notified by the clerk of this court that said railway company has executed bond as prescribed herein.

"(3) It is further ordered that said Atlanta & Birmingham Air Line Railway, before taking possession of any of the property, shall execute bond in the sum of one hundred and fifty thousand dollars, with approved surety, to be approved by, and be payable to, the clerk of the Circuit Court of the United States for the Southern Division of the Northern District of Alabama, or his successors in office, conditioned as follows:

"(a) To return said property, when ordered by the court, in as good condition as when received, ordinary wear and tear excepted, and to pay such compensation for the use thereof as may be adjudged by the court to be reasonable and proper, if it be finally decided that the railway company is not entitled to use said property without compensation, subject to the right of appeal from the amount of compensation so decreed, if any, and, also, subject to like right of appeal, to pay such damages as may be assessed by the court for any loss or damage to the property occasioned by the negligence of said railway company, its officers or employés, in the use of said machinery, or from the failure to properly care for the same, or from accidents incident to the business, and for the sum found to be due for compensation, if any be found to be due, and also the amount which may be assessed as damages for any default in the conditions herein prescribed, without the intervention

of a jury, on summary motion, on such notice as may be prescribed by the court, without prejudice, however, to any other remedy it may have.

"(b) It is further ordered that the receiver shall have the right, by himself, or an inspector of his appointment, to go upon the work where the said equipment, outfit, tools, and plant are being used or cared for, to report upon the manner in which it is being used and cared for, and report from time to time to the court, if there be any lack of care or attention in the use or care of such machinery, in which event the court reserves the right to make such further orders as may be proper, in the discretion of the court.

"(c) For the present, and until the further order of the court, the receiver shall appoint one inspector, who shall be paid not exceeding one hundred dollars per month, in watching and reporting upon the use of the property, which inspector shall be paid by the railway company at the end of each month, as other employés are paid. The duty of such inspector is solely confined to watching and caring for the property, and reporting thereon.

"(d) It is further ordered, adjudged, and decreed that this order, which simply relates to the conservation of the property in the hands of the court, shall in no wise affect, or be deemed in any manner a decision in any way upon, the conflicting claims, rights, or equities of the parties herein, all of which matters are reserved for future and further decree in this cause.

"This April 21, 1904.                    Thos. G. Jones, U. S. Judge."

From this decree the Columbia Avenue Trust Company prosecutes this appeal, and the appellees move to dismiss because the same is not a final decree, nor a decree within the appellate jurisdiction of this court. An inspection of the decree shows that it is in no respect a final decree. The court does not pass upon or decide upon the rights of any of the parties; does not discharge the property from the custody and control of the court, through its receiver; nor, in fact, do anything else than provide for the preservation and safe custody of the property pending the litigation, reserving all issues for future disposition. It is needless to say that the decree contains no interlocutory order, such as the granting of an injunction or the appointment of a receiver, from which, under proper circumstances, an appeal lies to this court.

The motion is granted, and the appeal is dismissed.